**BELLA NAPOLI, INC., and Italian Associates, Inc., Appellants,**

v.

**Anacleto Jose VALENZUELA et ux., Appellees.**

**No. 5957.**

Court of Civil Appeals of Texas.

El Paso.

July 10, 1968.

Rehearing Denied Sept. 18, 1968.

John Whitaker, El Paso, for appellants.

Holvey Williams and Glen Sutherland, El Paso, for appellees.

OPINION

FRASER, Chief Justice.

This is an appeal from the District Court of El Paso County, Texas. Plaintiff Olga Valenzuela, wife of Anacleto Jose Valenzuela, who is appellee herein and will be subsequently referred to as such, was working as a waitress for the Bella Napoli Restaurant. While working there she slipped and fell on the floor in the kitchen. It is pointed out by the briefs of both parties that although subject to the Workmen's Compensation Act, the defendant,

hereinafter known as appellant, did not carry workmen's compensation insurance. There is evidence from several parties that a dish, or some dishes, of spaghetti had fallen and broken on the floor of the kitchen and appellee alleges that it was on this surface that she slipped and fell.

■ The court submitted the case to the jury on special issues, and appellant appeals from a finding of damages in favor of appellee.

Appellant's first three points argue that the court committed error in submitting Special Issue No. 1. Said issue is worded as follows: "Do you find, from a preponderance of the evidence, that the Defendant, acting through its servants, agents or employees, on the occasion in question allowed a foreign substance to remain on the floor in question, which caused it to be unusually slick and dangerous?", to which the jury answered "Yes". In its Point 1 appellant claims that the court committed error in submitting Special Issue No. 1, in that there was no evidence that the defendant, through its agents, servants or employees, allowed a foreign substance to remain on the floor. In its Point No. 2, appellant complains that there is insufficient evidence to show that defendant, through its agents, servants and employees, allowed a foreign substance to remain on the floor in question. In Point 3, the court is charged with error in that the submission of said Issue No. 1 presupposes and presumes that the defendant, through its agents, servants and employees, had knowledge of a foreign substance being on the floor and had time to clean it up. With reference to Points 1 and 2, it is obvious that there was conflicting testimony as to the incident with reference to the breakage of the dish or dishes containing spaghetti on the kitchen floor. Witness Deboe says the spaghetti was only on the floor about three minutes. Witness Cordova said he had just finished his cleaning up of the spaghetti when plaintiff fell. Witness

Sala says that Cruz Cordova was cleaning up the spaghetti. Bearing in mind that appellant here did not have workmen's compensation insurance and was not entitled to the benefits thereunder, we feel that there was ample evidence of an appropriate and conflicting nature to warrant the court in submitting Issue No. 1. We have examined the Statement of Facts and, without detailing the testimony of the witnesses, there is no doubt but what the spaghetti was spilled on the floor and that at least an attempt was made to clean it up. There is no doubt, of course, that the appellant, through its agents, servants and employees knew—in other words, had knowledge—that a foreign substance had been spilled upon the floor. The evidence of the various witnesses conflicts as to whether the clean-up job was sufficient or not. There can be no question, upon reading the record but that there did exist a sharp conflict as to the sufficiency and adequacy of the floor cleaning. All of these matters created a climate calling for a disputed fact issue, and we therefore feel that the court was well within its powers and duties in submitting Issue No. 1. Appellant's first three points are therefore overruled.

■ Appellant's fourth point was not argued, and we do not find merit in the point. In this point the appellant charged the court with error in submitting Special Issue No. 9(c). This issue relates to medical expenses. Examination of the appellant's motion for a new trial shows that it alleges that there is no testimony that any of the persons who testified as to the reasonable and necessary medical expenses was qualified and familiar with charges in this area. The record shows that Dr. Mario Palafox testified to some extent as to the medical expenses, and his testimony was not objected to. It appears that his testimony concerned the amount of $454.00, and this is the exact amount the jury found. Finding no merit in this point, we overrule the same.

■ Appellant, in its fifth point, argues that the court erred in overruling its motion for mistrial based upon two different arguments made by Mr. Williams, the attorney for appellee, the first of which was as follows: "That if Defendant would of had Workmen's Compensation Insurance we would not be here." The second was, "If the Defendant would of had Workmen's Compensation Insurance the insurance company would of paid these Doctor and Hospital Bills." The record shows that in both of the two above instances, timely objection was made and the jury instructed to disregard the remark and not to consider them for any purpose whatever. We do not consider these remarks, under the circumstances here present, to be incurable or sufficiently harmful as to constitute reversible error. The record shows that it was established in open court in the presence of the jury that the appellant-defendant did not carry workmen's compensation insurance. This being the case, the jury knew that such situation existed, and after the careful trial judge's prompt action in sustaining objections to the two statements and in instructing the jury not to consider them for any purpose, we have no reason to presume that the jury did not follow his instructions. It is unquestioned that the plaintiff was grievously hurt and required much medical and hospital attention, and yet the verdict was for only $2,404.00, which of course had to include the plaintiff's medical and hospital expenses. Therefore, it does not seem evident that an improper verdict was caused by these improper remarks, and we feel that the court acted correctly and sufficiently in sustaining objections thereto and instructing the jury to disregard them for all purposes. Appellant's Point 5 must therefore be overruled, as we do not find reversible error in this particular portion of the proceedings.

Appellant's points are all overruled and the judgment of the trial court is in all things affirmed.